UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| YUNIEL NIEBLA and JOSE VEGA<br><br>Plaintiffs,<br><br>v.<br><br>ARROYO LANDSCAPE PROFESSIONALS, LLC<br><br>Defendant. | Case No.: |

**- <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -**

Plaintiffs YUNIEL NIEBLA and JOSE VEGA by and through the undersigned counsel, hereby file this Complaint against the above-named Defendant, ARROYO LANDSCAPE PROFESSIONALS, LLC.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiffs YUNIEL NIEBLA and JOSE VEGA, (hereafter "Plaintiff") against their former employer, Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and to recover unpaid wages.

2. During the term of Plaintiffs' employment, Defendant had practice of paying incomplete work hours, including hours in excess of forty in a workweek.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiffs' state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiffs' FLSA claims, to constitute the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Seminole County has the greatest nexus with the cause because it is the place where Plaintiffs provided services and Defendant conducted business.

## PARTIES

5. Plaintiffs, YUNIEL NIEBLA and JOSE VEGA, residents of Volusia County, were former employees of Defendant who worked at ARROYO LANDSCAPE PROFESSIONALS, LLC in Sanford, Florida.

6. Plaintiffs, YUNIEL NIEBLA and JOSE VEGA, are employees as defined by the laws under which this action is brought.

7. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC is an employer as defined by the laws under which this action is brought.

8. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

9. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

10. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC is engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida, and by purchasing (and or/renting) materials and/or equipment, pesticides, insecticides, fertilizer, plants, grass, sod, and a plethora of other items, each manufactured across state lines, for the purpose of providing landscaping and/or maintenance services.

11. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC also hosts one or more websites viewed by potential customers across state lines, and sends faxes, emails, and other communications across state lines.

12. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

13. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC is an employer within the definition of the FLSA, 29 U.S.C. § 203.

14. During the term of their employment, Plaintiffs YUNIEL NIEBLA and JOSE VEGA were engaged in commerce and were therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

15. The services performed by Plaintiffs were essential, necessary, and an integral part of the business conducted by Defendant.

16. Plaintiffs were covered employees for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

17. Plaintiff YUNIEL NIEBLA was employed by Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC from April 2018 to October 2019.

18. Plaintiff JOSE VEGA was employed by Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC from June 2019 to October 2019.

19. Plaintiffs duties consisted mainly of landscaping.

20. Plaintiffs were hourly employees.

21. YUNIEL NIEBLA's last hourly rate was $15.00 per hour.

22. JOSE EVEGA's last hourly rate was $14.00 per hour.

23. During their employment with Defendant, Plaintiffs were classified as non-exempt.

24. Plaintiffs did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

25. During the period covered by the employment, Plaintiffs worked in excess of forty (40) hours in a workweek and were not compensated at the statutory rate of one and one-half times their regular rate of pay.

26. Specifically, Plaintiffs payroll checks were missing an average of 3-4 hours a week. During most of their workweeks, Plaintiffs worked at least 40 hours.

27. Both Plaintiffs complained that hours were missing from their checks. There were also complaints about uniform deductions.

28. Additionally, Plaintiff YUNIEL NIEBLA was not paid his last check of approximately 15 hours.

29. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC was aware that Plaintiffs were working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

30. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

31. Plaintiffs' time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA
### (as to Plaintiffs YUNIEL NIEBLA and JOSE VEGA)

32. Plaintiffs YUNIEL NIEBLA and JOSE VEGA re-allege and incorporate the allegations contained in Paragraphs 1 through 31 above.

33. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC failed to pay Plaintiffs properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

34. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in a workweek.

35. As a result of Defendant's willful violation of the FLSA, Plaintiffs YUNIEL NIEBLA and JOSE VEGA are entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## FLSA MINIMUM WAGE VIOLATIONS
### (as to Plaintiff YUNIEL NIEBLA)

36. Plaintiff YUNIEL NIEBLA re-alleges and incorporates the allegations contained in Paragraphs 1 through 31 above.

37. Plaintiff YUNIEL NIEBLA performed work for Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC for which he was not compensated.

38. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC did not pay Plaintiff YUNIEL NIEBLA the minimum wage required by the FLSA by not paying his last check of approximately 15 hours.

39. The actions of Defendant set forth above of failing to pay Plaintiff YUNIEL NIEBLA the statutory minimum wage constitute a violation of 29 U.S.C. §206.

40. Defendant's actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

## COUNT III
## UNPAID WAGES UNDER FLORIDA COMMON LAW
### (as to Plaintiffs YUNIEL NIEBLA and JOSE VEGA)

41. Plaintiffs YUNIEL NIEBLA and JOSE VEGA re-allege and incorporates the allegations contained in Paragraphs 1 through 31 above.

42. During the period of their employment, Plaintiffs YUNIEL NIEBLA and JOSE VEGA performed work for Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC and Defendant agreed to compensate Plaintiffs for all hours worked.

43. Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC failed and refused to compensate Plaintiffs YUNIEL NIEBLA and JOSE VEGA all wages owed by omitting an average of 3-4 hours from each paycheck. Additionally, Plaintiff YUNIEL NIEBLA was not paid his last check of approximately 15 hours.

44. As a result of the foregoing, Plaintiffs YUNIEL NIEBLA and JOSE VEGA have suffered damages and incurred in attorneys' fees and costs.

45. Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in the prosecution of their unpaid wages claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs YUNIEL NIEBLA and JOSE VEGA respectfully request judgment against Defendant ARROYO LANDSCAPE PROFESSIONALS, LLC, and the following damages:

   a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

   b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

   c. Pre-judgment interest;

   d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

   e. Plaintiff YUNIEL NIEBLA's minimum wage rate and liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

   f. Plaintiffs unpaid wages pursuant to Florida Common Law;

   g. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

   h. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

46. Plaintiffs request a jury trial to the extent authorized by law.

Dated November 21, 2019          Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
 WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiffs
cynthia@wagesdue.com